# United States Court of Appeals
## For the Eighth Circuit

_____

No. 20-2097
_____

Wilfred Vasquez-Lopez, also known as Wualfren Vasquez-Lopez

*Petitioner*

v.

Merrick B. Garland, Attorney General of the United States

*Respondent*
_____

Petition for Review of an Order of the
Board of Immigration Appeals
_____

Submitted: April 14, 2021
Filed: July 12, 2021
[Unpublished]
_____

Before SMITH, Chief Judge, COLLOTON and ERICKSON, Circuit Judges.
_____

PER CURIAM.

Wilfred Vasquez-Lopez is a native and citizen of Guatemala who petitions for review of an order of the Board of Immigration Appeals ("BIA") upholding an immigration judge's ("IJ") denial of his application for asylum and withholding of

removal under the Immigration and Nationality Act, 8 U.S.C. § 1101 et seq. We deny the petition.

Vasquez-Lopez entered the United States on an unknown date near McAllen, Texas without inspection. On November 15, 2011, the Department of Homeland Security initiated removal proceedings against him. Vasquez-Lopez conceded removability, and the IJ designated Guatemala as the country of removal. Vasquez-Lopez subsequently applied for asylum and withholding of removal on the ground that he had suffered persecution on account of an imputed anti-gang political opinion. In support of his application, Vasquez-Lopez testified that he left Guatemala because a gang leader named Nehemias brutally attacked and threatened him.

Vasquez-Lopez was a farmer and baker in Caserio Vista Hermosa, San Antonio Sacatepequez, Guatemala. The municipality's mayor appointed Vasquez-Lopez to serve as an unpaid auxiliary government employee for one day a week and threatened to disconnect his public utilities if he refused the appointment. At no time was Vasquez-Lopez a member of a political party, nor did he ever seek any public office. In early January 2011, there was a warrant for Nehemias's arrest and, as part of his duties as an auxiliary employee, Vasquez-Lopez placed a note under the door of Nehemias's home. When Nehemias failed to appear for court, Vasquez-Lopez led police officers to Nehemias's home.

A few days later, Nehemias went to Vasquez-Lopez's home and told Vasquez-Lopez that he would not "get away" with bringing the police to his house. Then, on the night of January 12, 2011, Nehemias and a group of people beat Vasquez-Lopez. During the beating, Nehemias told Vasquez-Lopez it was because he brought police officers to his house. Fearing retaliation, Vasquez-Lopez did not report the attack to the police. After community members warned Vasquez-Lopez that Nehemias was threatening to kill him, Vasquez-Lopez moved with his family to another town about

three hours away. Due to continued fear of Nehemias, Vasquez-Lopez fled Guatemala.

The IJ found Vasquez-Lopez credible but denied his application because he failed to show his attackers were motivated by his imputed political opinion or any other statutorily protected trait, or that the harm was inflicted by persons the Guatemalan government is unable or unwilling to control. The IJ also found that Vasquez-Lopez failed to show he was unable to relocate within Guatemala. Vasquez-Lopez appealed, and the BIA summarily affirmed the IJ's decision.

To be eligible for asylum, Vasquez-Lopez "must show [he] is unable or unwilling to return to [his] country of origin 'because of persecution or a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion.'" Marroquin-Ochoma v. Holder, 574 F.3d 574, 577 (8th Cir. 2009) (quoting 8 U.S.C. § 1101(a)(42)(A)). For persecution on account of political opinion, we consider the political opinion that "the persecutor rightly or in error attributes to a victim." De Brenner v. Ashcroft, 388 F.3d 629, 635 (8th Cir. 2004) (cleaned up). Under our deferential standard of review, we will reverse the agency's decision only if the evidence in the record compels the finding that a protected ground motivated the persecutor's actions. Marroquin-Ochoma, 574 F.3d at 577.

Vasquez-Lopez contends his appointment as an unpaid auxiliary government employee was essentially a political position and was what caused Nehemias to target him. Vasquez-Lopez, however, has not linked his persecution to anything other than the performance of unpaid civic duties. While Nehemias threatened Vasquez-Lopez for bringing the police to his home, that conduct does not establish, directly or by implication, that Nehemias believed Vasquez-Lopez held a contrary political belief. See Cruz-Navarro v. INS, 232 F.3d 1024, 1030 (9th Cir. 2000) (rejecting a police officer's petition where he showed he was attacked because he was a police officer

but not for holding contrary political beliefs to his attackers); see also Prieto-Pineda v. Barr, 960 F.3d 516, 521 (8th Cir. 2020) (denying a petition where a petitioner was harassed for refusing to provide rides to gangs, not for political opposition).

In sum, the evidence in the record demonstrates that Vasquez-Lopez was attacked for performing unpaid civic duties, not for harboring a contrary political belief. The IJ's finding that Vasquez-Lopez failed to show the motivation behind the threats and attack on Vasquez-Lopez were due to an imputed political opinion is supported by substantial evidence in the record and we need not reach the questions about the Guatemalan government's control over Nehemias or Vasquez-Lopez's ability to relocate.

Since Vasquez-Lopez failed to meet his burden of proof required for asylum, he does not meet the higher burden required for withholding of removal. Baltti v. Sessions, 878 F.3d 240, 246 (8th Cir. 2017) (citations omitted).

For the foregoing reasons, we deny Vasquez-Lopez's petition for review.

_____